BOGGS, Judge, dissenting.
I agree with the dissent that the trial court did not make an implicit finding on close proximity and that this case should be remanded for the court to apply the proper standard pursuant to OCGA § 16-13-49(d)(6). But I cannot join the dissent because of what is said in Division 2, and I therefore write separately.
As noted to some degree by both the majority and Judge McFadden's dissent, I agree that our civil forfeiture laws can be applied to work an inequity upon those innocent of wrongdoing. Of course, as the majority points out, such concerns are less prevalent in this case given that the defendant pled guilty and no presumed innocent third party has objected to the forfeiture. However, I take this opportunity to illuminate the absurdity with which forfeiture may be applied in other contexts. As enacted, OCGA § 16-13-49(d)(6) authorizes the forfeiture of all things of value "which are found in close proximity to" the contraband. Taken to its most extreme point, this statutory language would permit the forfeiture of the Big Green Egg on the deck, the coffee maker in the kitchen, and the light fixtures in the home, despite the lack of any nexus between those items and any crime. However, issues regarding nexus and constitutionality have not been enumerated as error by the appellant, not briefed by the parties, and not been raised and ruled upon in the trial court. Consequently, it is not for this court to opine on such matters. As a result, the statutory/constitutional discussion in Division 2 of Judge McFadden's dissent, whatever its objective merit, is not necessary for the resolution of this case. These issues are more appropriately addressed by the General Assembly or our Supreme Court in a case which squarely presents them for appellate review.
I am authorized to state that Presiding Judge DOYLE joins in this dissent.